Robert R. ANDERSON

v.

Stanley V. TUCKER.

Civ. No. H–74–364.

United States District Court,
D. Connecticut.

June 27, 1975.

Robert R. Anderson, pro se.

Stanley V. Tucker, pro se.

RULING ON MOTION TO DISMISS

BLUMENFELD, District Judge.

In two California superior court cases, *Tucker v. Crikelair*, No. 51659 (Super. Ct. Ventura County July 2, 1970); *Tucker v. Tucker* [*Threlkeld*], No. 48724 (Super.Ct. Ventura County June 25, 1970), Tucker was the plaintiff; judgments entered against him and in favor of the defendants on their counterclaims. Crikelair and Threlkeld brought

diversity suits upon these judgments in the Central District of California, and judgments were entered against Tucker. *Threlkeld v. Tucker,* Civ.No. 71–2082–HP (C.D.Cal. Dec. 13, 1971), *aff'd,* 496 F.2d 1101 (9th Cir.), *cert. denied,* 419 U.S. 1023, 95 S.Ct. 499, 42 L.Ed.2d 297 (1974); *Crikelair v. Tucker,* No. 72–83–IH (C.D.Cal. June 21, 1972), *aff'd,* No. 72–2646 (9th Cir. May 3, 1974), *cert. denied,* 419 U.S. 1023, 95 S.Ct. 499, 42 L.Ed.2d 297 (1974). Threlkeld and Crickelair registered these judgments in the District of Connecticut, where Tucker resides and owns property, pursuant to 28 U.S.C. § 1963. *Threlkeld v. Tucker,* Misc. No. NH–40 (D.Conn., filed July 26, 1974); *Crikelair v. Tucker,* Misc. No. NH–41 (D.Conn., filed July 26, 1974). In relevant part, the registration statute provides:

> "A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

Threlkeld and Crikelair thereafter assigned their judgments to Anderson, who filed judgment liens on property owned by Tucker in Connecticut. *See* 28 U.S.C. § 1962; Conn.Gen.Stat.Ann. §§ 49–44, –46. Anderson, a California resident, has now brought this action in order to foreclose these liens.[1]

Tucker has moved to dismiss the suit. His motion is based in part upon Anderson's alleged noncompliance with Conn. Gen.Stat.Ann. § 52–605. This section, part of the Uniform Enforcement of Foreign Judgments Act, sets forth certain procedures for enforcing foreign judgments and is reproduced in relevant part in the margin.[2]

Rule 69(a), Fed.R.Civ.P., makes applicable state procedural rules for the enforcement of judgments ("except that any statute of the United States governs to the extent that it is applicable"). These state rules are to be applied in a common sense manner, of course, and those which make sense only when applied to state courts need not be imported into federal practice. *See* 7 J. Moore, Federal Practice ¶ 69.04[3], at 69–22 & n.8 (2d ed. Rel. No. 19—1972); *cf. Yazoo & M. V. R. R. v. Clarksdale,* 257 U.S. 10, 24–25, 42 S.Ct. 27, 66 L.Ed. 104 (1921). Conn.Gen.Stat.Ann. § 52–605 applies to "foreign" judgments, defined as those judgments "of a court of the United States or any other court which [are] entitled to full faith and credit . . . ." Conn.Gen.Stat.Ann. § 52–604. If fully imported into federal practice, this statute would seem to make judgments of the District of Connecticut "foreign" judgments when sought to be enforced in the District of Connecticut! To the extent that the statute may be construed so as to require additional proof of the validity of

---

1. It should be noted that the procedural history set out above is abbreviated. There have been numerous related suits stemming from this course of events. None, however, are directly relevant to the issue presented by this motion.

2. "(a) A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor.

"(b) Such foreign judgment shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner."

our own judgments, it reaches an incongruous result and should not be incorporated as a part of federal practice by Rule 69(a).

 The judgments Anderson seeks to enforce have the effect of judgments of the District of Connecticut by virtue of 28 U.S.C. § 1963, quoted above. *See Stanford v. Utley,* 341 F.2d 265 (8th Cir. 1965).[3] Thus they are not "foreign" judgments, and the requirements of Conn.Gen.Stat.Ann. § 52–605 are inapplicable.

 Tucker makes two other arguments that merit only brief discussion. First, he argues that 28 U.S.C. § 1964 provides a basis for requiring compliance with Conn.Gen.Stat.Ann. § 52–605. Section 1964 has nothing to do with enforcement of foreign judgments, however. It deals instead with the *lis pendens* doctrine, requiring compliance with state *lis pendens* procedures, at least where they expressly apply to pending federal actions, in order to give constructive notice of the action to and subordinate the interests of subsequent interest holders. *See generally* 2 J. Moore, Federal Practice ¶ 3.05[2] (2d ed. 1960). Section 1964 provides no support for Tucker's motion to dismiss.

 Second, Tucker claims to challenge the jurisdiction of the California superior court that entered the original judgments against him. His challenge is based on the alleged bias of the judge who heard the cases. Quite clearly, the bias of a judge is not a question affecting jurisdiction, and only jurisdictional issues may be raised to collaterally attack a judgment. *See Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877). Tucker's claim is therefore frivolous.

The motion to dismiss is denied.

So ordered.

---

3. In determining whether a judgment is registerable under 28 U.S.C. § 1963, it may be treated as a judgment of the court in which rendered. *See Matanuska Valley Lines, Inc. v. Molitor,* 365 F.2d 358 (9th Cir. 1966).

Once it is registered, however, the statute provides that it shall be treated "as a judgment of the district court of the district where registered."