388 So.2d 594 (1980)
Charles KIESEL and Hilbert Kiesel, Appellants,
v.
Governor Bob GRAHAM, Attorney General Jim Smith, Secretary of State George Firestone, Comptroller Gerald Lewis, Commissioner William Gunter, Commissioner Ralph Turlington, and Commissioner Doyle Conner, As Heads of the State of Florida, Department of Natural Resources, Appellees.
No. NN-146.
District Court of Appeal of Florida, First District.
September 10, 1980.
Rehearing Denied October 8, 1980.
*595 Ben H. Ervin, Monticello, for appellants.
Jack W. Pierce, S. Sherman Weiss, of Dept. of Natural Resources, Martin S. Friedman, of Dept. of Legal Affairs, and David V. Kerns, of Dept. of Administration, Tallahassee, for appellees.
LILES, WOODIE A., Associate Judge (Retired).
This is an appeal from an order holding that an action on a judgment of the United States District Court, even though that court is located within the State of Florida, is controlled by the five-year period of limitation as set forth in Section 95.11(2)(a), Florida Statutes.
There are no factual disputes involved in this appeal. Appellants, plaintiffs below, brought an action in admiralty against the State of Florida, Department of Natural Resources and its agent for damages caused by the loss of their vessel. The District Court of the United States for the Southern District of Florida found that the negligent actions of the agent caused the loss of Appellants' vessel, and on July 21, 1972, entered a judgment for Appellants in the amount of $22,000.00. This judgment was affirmed by the United States Court of Appeal, Fifth Circuit, on June 25, 1973. On January 5, 1979, Appellants filed with the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, a Petition for Writ of Mandamus ordering that Appellees make payment. An Alternative Writ of Mandamus commanding Appellees to make payment or show cause why they have not done so was then issued. Appellees filed their return claiming, among other things, that the cause of action was barred by Section 95.11(2)(a), Florida Statutes, in that the suit was filed more than five years after the accrual of the cause of action on July 19, 1973, and more than one year after the effective date of Chapter 74-382, Laws of Florida.[1] The Circuit Court agreed with this contention and dismissed the cause with prejudice. This appeal followed.
The issue presented by this appeal is whether an action on the judgment of the United States District Court for the Southern District of Florida is governed by a five-year statute of limitation or a twenty-year statute of limitation. The applicable sections of the Florida Statutes are: Section 95.11(1), which provides that "an action upon a judgment or decree of a court of record in this state" shall commence within twenty years of said judgment or decree; and Section 95.11(2)(a), which provides that "an action on a judgment or decree of . . any court of the United States" shall commence within five years of said judgment or decree. Both of the above statutory provisions appear to govern the instant situation, for the subject judgment is that "of a court of record in this state" as well as that "of any court of the United States." This apparent conflict, however, can be readily resolved by resort to well-accepted principles of statutory construction.
It is a general rule of statutory construction that a more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms. In this situation, the phrase "of any court of the United States" is more specific than "of a court of record in this state." The former clearly limits its scope to courts of the United States, while the latter could include both federal and state courts, as long as they are in Florida. Hence, it must be concluded that Section 95.11(2)(a) will operate as an *596 exception to, or a qualification of, the more general terms of Section 95.11(1). Adams v. Culver, 111 So.2d 665 (Fla. 1959); Woodley Lane, Inc. v. Nolen, 147 So.2d 569 (Fla. 2d DCA 1962); State ex rel. Johnson v. Vizzini, 227 So.2d 205 (Fla. 1969).
This result is further supported by the corollary principle that the last expression of legislative will is the law, and, therefore, that the last in point of time or order of arrangement prevails. This rule is applicable where the conflicting provisions appear in different statutes [Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962)], or in different provisions of the same statute. State v. Hialeah, 109 So.2d 368 (Fla. 1959); DeConingh v. Daytona Beach, 103 So.2d 233 (Fla. 1st DCA 1958). In this situation, two provisions in the same act,[2] the former covering "court[s] of record in this state" and the latter covering "[judgments of] any court of the United States," are in direct conflict. Application of the principle set forth in State v. Hialeah, supra, and DeConingh v. Daytona Beach, supra, dictates that the latter provision, now enumerated in Section 95.11(2)(a), must govern.
We, therefore, conclude that Section 95.11(2)(a), Florida Statutes, is controlling in this cause. In so ruling, we are not unmindful of the provisions of 28 U.S.C. § 1962.[3] However, inasmuch as nothing in the record indicates that the subject judgment was properly recorded as a lien,[4] we do not find this United States Code provision relevant to this determination.
The order appealed from is
AFFIRMED.
ROBERT P. SMITH, Jr., J., concurs.
BOOTH, J., dissenting.
NOTES
[1] Prior to January 1, 1975, the time period for the running of the statute of limitation in Section 95.11(2)(a), F.S., was seven years. This was changed to five years by Chapter 74-382, § 7, Laws of Florida.

In addition, Chapter 74-382, § 36, mandated:
This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
[2] Chapter 74-382, § 7, Laws of Florida.
[3] Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.
[4] See, Section 55.10, Florida Statutes.