**LEASCO RESPONSE, INC.,**
Plaintiff–Appellee,

v.

**John WRIGHT, Defendant–Appellant.**

No. 95–5344
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 12, 1996.

Brent A. Friedman, Rubin, Baum, Levin, Constant, Friedman & Bilzin, Miami, FL, Paul M. Nussbaum, John D. Burns, Eric Harlan, Whiteford, Taylor & Preston, Baltimore, MD, Peter Russin, Meland & Russin, Miami, FL, for defendant-appellant.

John Russell Kelso, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, FL, Richard B. Friedman, Reliance Group Holdings, Inc., New York City, for plaintiff-appellee.

Before KRAVITCH, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE V, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION. TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

This case comes to the United States Court of Appeals for the Eleventh Circuit from the United States District Court for the Northern District of Florida. This case involves a question of Florida law which may be determinative, but is unanswered by controlling precedent of the Supreme Court of Florida. We, therefore, certify this question for resolution by the highest court of Florida.

### I. Procedural History

In 1975, the district court entered two judgments for Leasco Response, Inc., ("Leasco") against John Wright. Leasco alleges that it was unable to locate Wright until 1993. In January of 1994, Leasco filed an *ex parte* motion asking the district court to revive the judgment which had been dormant since 1975, to enter judgment in favor of Leasco's successor in interest, Reliance Group Holdings, Inc. ("Reliance"), and to correct a clerical mistake omitting the middle initial "H" from Wright's name. The court granted the motion in an order dated March 4, 1994. Wright claims that he was unaware of the district court's order until August of 1994, when Reliance sought to take his deposition. On August 23, 1994, Wright filed a motion to vacate the district court's order because he did not receive notice of Reliance's motion and because the judgment had expired. The district court denied the motion on the ground that the statute of limitations was twenty years and, thus, the judgment could be enforced.

Wright raises two issues on appeal: 1) whether he was entitled to relief because Leasco failed to give him notice of its *ex*

*parte* motion, and 2) whether the district court erred because the statute of limitations had expired on the judgment. The Florida state courts have not directly ruled on the appropriate statute of limitations to apply to an action brought in federal district court to enforce a judgment of that court. Because resolution of this issue could be dispositive in this case, we certify it to the Florida Supreme Court.

## II. Applicable Florida Law

The Federal Rules of Civil Procedure provide that any proceedings supplemental to or in aid of a judgment or execution shall be governed by the procedure of the state in which the district court sits, at the time that the remedy is sought.[1] Fed.R.Civ.P. 69. The relevant section of the Florida Code, Fla.Stat.Ann. § 95.11, provides:

> Actions other than for recovery of real property shall be commenced as follows:
>
> (1) Within twenty years.—An action on a judgment or decree of a court of record in this state.
>
> (2) Within five years.—
>
> (a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.

Wright contends that the statute of limitations for the judgment against him is governed by subsection two, so the judgment has expired. He relies on *Kiesel v. Graham*, 388 So.2d 594 (Fla.Dist.Ct.App.1980), an opinion of the District Court of Appeals of Florida, which held that the five year statute of limitations of subsection two applies when a plaintiff seeks to enforce a federal district court judgment in state court. The *Kiesel* court concluded that although a federal district court is a "court of record" in the state under subsection one, the more specific provisions of subsection two should govern its judgments. The court reasoned that "[i]t is a general rule of statutory construction that a more specific statute covering a particular subject is controlling over a statutory provi-

sion covering the same subject in more general terms." *Id.* at 595. Thus, the more specific provision for a "court of the United States" should govern.

The court further relied upon "the corollary principle that the last expression of legislative will is the law, and, therefore, that the last in point of time or *order of arrangement* prevails." *Id.* at 596. Under this reasoning, subsection two provides the applicable statute of limitations because it is last in order.

Appellee argues, and the district court held, that *Kiesel* is distinguishable because it involved a state court attempting to enforce the judgment of a federal court. In contrast, the instant case was brought in a federal district court to enforce that court's judgment. Appellee contends that the Florida statute was designed to grant a shorter statute of limitations when a plaintiff seeks to enforce the judgment of one court in a second court (a foreign court), and a longer statute of limitations when the plaintiff is seeking relief from the same court that entered the original judgment.

Appellee and the district court rely on *Anderson v. Tucker*, 68 F.R.D. 461 (D.Conn. 1975). In that case, Anderson, a judgment creditor, sought to enforce a California federal district court judgment in federal district court in Connecticut, where Tucker, the defendant, resided. Anderson registered the judgment in accordance with 28 U.S.C. § 1963, which provides that any judgment of a district court may be registered in another district court and shall be enforceable as a judgment of that court.

Tucker argued that Anderson had failed to comply with the Connecticut state statute setting forth the procedures for registering a foreign judgment. The *Anderson* Court held that such procedures were not necessary because the California District Court judgment had become a judgment of the Connecticut District Court pursuant to 28 U.S.C. § 1963. To apply the state procedures would render a judgment of the Connecticut court foreign

---

1. Federal Rule of Civil Procedure 69 also provides that an applicable federal statute will supersede the state procedural rule. In this case, neither party has alleged that a federal statute is implicated.

to itself and would thwart the federal statute, which was designed to simplify the enforceability of judgments in district court.

The district court in this case applied the reasoning of *Anderson* to conclude that if § 95.11(2)(a) is applied, then a judgment of the federal district court for the Southern District of Florida would be "foreign" when enforced in that court. Accordingly, the district court concluded that common sense dictated that the *Kiesel* rationale only applied when a Florida state court is enforcing a judgment of the federal district court, not when a federal district court is enforcing its own order.

Wright contends that this case is distinguishable from *Anderson* because the Connecticut statute in that case specifically mentioned "foreign judgments." In contrast, § 95.11 does not use that language. Wright also contends that the *Anderson* court refused to apply the state procedure because the judgment creditor would have had to provide greater proof of the judgment's validity than normally required, thus impinging on the federal statutory goal of simplifying the process for transferring a judgment between district courts. Wright states that in this case, applying § 95.11 would not alter any federal law or practice and, thus, the reasoning of the *Anderson* court is inapplicable here.

Neither the district court, nor any of the parties cite a Florida case that unequivocally establishes the statute of limitations governing the enforcement of a federal district court judgment in that same court.[2] Because Florida law does not appear to provide a definitive resolution of the issue raised in this case, we certify the following question to the Florida Supreme Court.

### III. Question to be Certified

(1) WHAT IS THE APPROPRIATE STATUTE OF LIMITATIONS FOR AN ACTION BROUGHT IN A FEDERAL DIS-TRICT COURT IN FLORIDA INVOLVING A JUDGMENT ENTERED BY THAT SAME COURT?

Our statement of the question to be certified is not meant to limit the scope of inquiry by the Supreme Court of Florida. *Yanakakis v. Chandris S.A.,* 9 F.3d 1509, 1514 (11th Cir.1993). The entire record of this case, together with copies of the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.

---

2. Two federal courts have applied the five year statute of limitations to the enforcement of federal judgments in federal courts in brief opinions. *See Preyer v. Gulf Tank & Fabricating Co., Inc.,* 826 F.Supp. 1389, 1399 (N.D.Fla.1993) (assuming without deciding that the five year limitation period was applicable); *Kilby v. Ilgen,* 196 B.R. 627, 629–30 (Bankr.M.D.Fla.1996) (relying on *Kiesel* to apply five year statute of limitations to federal judgment). Further guidance is needed from Florida's highest court.