**BALFOUR BEATTY BAHAMAS, LTD., Plaintiff,**

v.

**BOCA RATON MILLWORK, INC., A Florida Corporation, and Fred M. Bush, an individual, Defendants.**

**No. 89–8558–CIV–GONZALEZ.**

United States District Court, S.D. Florida.

Jan. 22, 1998.

---

Nathan Minear, Moye, O'Brien, O'Rourke, Hogan & Pickert, Atlanta, GA, for Plaintiff.

Frederic Di Spigna, Boca Raton, FL, for Defendants.

## ORDER

GONZALEZ, District Judge.

This Cause has come before the Court upon Fred M. Bush and Barbara Bush's Motion for Protective Order, filed November 28, 1997.

In 1991, Plaintiff secured a final judgment from this Court and a writ of execution in the amount of $151,815.50 against Defendant Fred M. Bush. Later that year, Bush filed a voluntary Chapter 7 bankruptcy petition, seeking to avoid the judgment. The Bankruptcy Court held in 1992 that the judgment was not dischargeable in bankruptcy, and both the United States District Court and the United States Court of Appeals for the Eleventh Circuit affirmed the Bankruptcy Court's holding. On November 18, 1997, Plaintiff served Defendant and his wife with Post–Judgment Interrogatories and subpoenas for the taking of their depositions duces tecum in aid of execution. Defendant and his wife now seek a protective order precluding Plaintiff from seeking to collect its judgment, on the theory that the statute of limitations for such a collection of judgment has run.

Florida Statute § 95.11 provides as follows:

Actions other than for the recovery of real property shall be commenced as follows:

(1) Within twenty years—An action on a judgment or decree of a court of record in this state.

(2) Within five years—

(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.

Defendant argues that the five-year limitation in subsection (2)(a) applies because the 1991 judgment was entered by a "court of the United States", namely, the United States District Court for the Southern District of Florida. Plaintiff, in turn, contends that the twenty-year limitation in subsection (1) applies because the United States District Court for the Southern District of Florida is a court of record in Florida.

In *Leasco Response, Inc. v. Wright,* 99 F.3d 381 (11th Cir.1996), the United States Court of Appeals for the Eleventh Circuit noted the lack of controlling precedent on the issue of enforcement of federal court judgments, and certified to the Florida Supreme Court the following question: "What is the appropriate statute of limitations for an action brought in a federal district court in Florida involving a judgment entered by that same court?" *Id.* at 383.

Because the parties to the *Leasco* action settled the case following certification of the question, the Supreme Court of Florida did not answer the certified question. As a result, this Court is without conclusive instruction as to the appropriate statute of limitations in this action.

The Eleventh Circuit's *Leasco* order, in discussing the proceedings below, provides some guidance, as does the Florida First District Court of Appeal case of *Kiesel v. Graham,* 388 So.2d 594 (1980). In *Kiesel,* the Court held that, when seeking to enforce a federal court judgment in state court, section (2)(a) (the five-year limitation) applies. The *Kiesel* court based its decision on the fact that "court of the United States" is a much more specific provision than "court of record in the state", and specific statutes are controlling over their general counterparts. *Id.*

The federal district court in *Leasco,* on the other hand, found that the *Kiesel* rule applied only in cases in which a party was attempting to enforce a federal court judgment in state court, not when attempting to enforce a federal court judgment in the federal court that rendered it. The rationale behind this ruling was that, while it is understandable for a federal district court judgment to be considered "foreign" in a state court, it is absurd that a federal district court

judgment might be considered "foreign" in that same federal district court when the prevailing party seeks to enforce the judgment.

This Court agrees with the district court's finding in *Leasco* that subsection (1) (the twenty-year limitation period) applies in this action. Subsection (2)(a), the five-year limitation period, pertains to judgments foreign to the state of Florida, not domestic judgments. *See Huff v. Pharr,* 748 F.2d 1553, 1554 (11th Cir.1984). If the Court were to interpret that portion of subsection (2)(a) that refers to "any court of the United States" to include a court of the United States situated within this state, then a district court presiding over an action to enforce its own judgment would be constrained to view its own judgment as foreign. The Court finds it improbable that this is the construction intended by the legislators who drafted § 95.11 of the Florida Statutes.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby **ORDERED AND ADJUDGED** that Fred M. Bush and Barbara Bush's Motion for Protective Order, filed November 28, 1997, is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is **DENIED** as to that portion requesting an order that Plaintiff is barred by Fla.Stat. § 95.11(2)(a) from any effort to collect its judgment.

2. The Motion is **GRANTED** as to the requirement that Plaintiff tender witness fees and mileage to Defendant Bush and Barbara Bush prior to their respective depositions, and Plaintiff is **DIRECTED** to so provide.

3. The Motion is **GRANTED** as to the interrogatories served upon Barbara Bush, and she shall not be compelled to answer them.