[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

No. 98-4195

---

D.C. Docket No. 89-CV-8558

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/25/99
THOMAS  K. KAHN
CLERK

BALFOUR BEATTY BAHAMAS, LTD.,

Plaintiff-Appellee,

versus

FRED M. BUSH,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

**(March 25, 1999)**

Before DUBINA and BARKETT, Circuit Judges, and JONES*, Senior Circuit Judge.

---

*Honorable Nathaniel R. Jones, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1

JONES, Circuit Judge:

This appeal raises a question of first impression: Is an action brought in a Florida federal district court, to enforce a district court judgment entered earlier in the same court, governed by the five-year limitations period of Fla. Stat. Ann. §95.11(2)(a) (West Supp. 1999), or the twenty-year limitations period of Fla. Stat. Ann. §95.11(1) (West Supp. 1999)? The district court below found the twenty-year limitations period controlled, and therefore denied a motion by defendant-appellant, Fred Bush ("Bush"), for a Protective Order. The motion was brought by Bush to stay the post-judgment discovery sought by plaintiff-appellee, Balfour Beatty Bahamas, Ltd. ("BBB") - e.g., interrogatories and subpoenas duces tecum - concerning the judgment monies which Bush has yet to pay BBB. The district court held that because BBB's judgment was valid, and its collection efforts timely (i.e., not barred on limitations grounds), BBB was entitled to the judgment-related discovery it sought. See Balfour Beatty Bahamas, Ltd. v. Boca Raton Millwork, Inc., 217 B.R. 339, 341 (S.D. Fla. 1998). Bush, arguing that BBB waited too long to enforce its $151,815.50 judgment, now appeals. For the reasons that follow, we reverse, and find BBB's post-judgment recovery efforts barred by §95.11(2)(a).

**I.**

The relevant facts of this matter are straightforward. In November 1989, BBB filed a multi-count complaint against Bush and other defendants. In that pleading, BBB claimed that Bush had committed fraud. In January 1991, after Bush failed to participate in the discovery process, the district court entered a default judgment against him, and in favor of BBB, for $151,815.50. In May 1991, BBB obtained a writ of execution against Bush in anticipation of collecting its judgment. Several months later, that effort was foiled when Bush filed for bankruptcy under Chapter 7 of the

Bankruptcy Code. BBB challenged Bush's bankruptcy filing and, in June 1992, the bankruptcy court ruled in BBB's favor, finding Bush's district court judgment non-dischargeable. Bush challenged the non-dischargeability finding - appealing, ultimately, to this court - and a different panel affirmed the bankruptcy court's ruling in August 1995. See In re Bush, 62 F.3d 1319, 1325 (11th Cir. 1995).

For reasons that remain unclear, BBB did not timely proceed to obtain its judgment monies from Bush thereafter. Instead, BBB waited until November 1997 before serving the instant discovery requests upon Bush. Bush declined to provide the requested discovery, and filed the subject motion for a Protective Order. In the motion, Bush, relying upon Fla. Stat. Ann. §95.11(2)(a), argued that BBB could no longer collect judgment monies from him, as more than five years had passed since the issuance of the default judgment in January 1991. The district court disagreed with Bush; found this dispute controlled instead by the twenty-year limitations period of Fla. Stat. Ann. §95.11(1); and denied Bush's motion. This appeal - of the district court's Discovery Order - timely followed.

We are thus now asked to decide whether the district court erred in (1) denying Bush's motion for a Protective Order, and (2) finding that BBB's post-judgment collection efforts are controlled by Fla. Stat. §95.11(1) instead of §95.11(2)(a). In conducting that analysis, the district court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. Beck v. Prupis, 162 F.3d 1090, 1100-01 (11th Cir. 1998). Our review here is de novo, given that the question before us is one of law, not fact; and also because neither party disputes the district court's post-judgment recitation of facts.

**II.**

- 3 -

As the district court correctly found, BBB's efforts to execute its judgment are controlled, at the time of execution, by the "practice[s] and procedure[s] of the state in which the district court is held...." Fed. R. Civ. P. 69(a). See also Leasco Response, Inc. v. Wright, 99 F.3d 381, 382 (11th Cir. 1996) (per curiam). In this case, that state is Florida. Florida's statute of limitations, Fla. Stat. Ann. §95.11, provides in relevant part:

> **95.11 Limitations other than for the recovery of real property**
> Actions other than for recovery of real property shall be commenced
> as follows:
>
>
> **(1) Within twenty years. -** An action on a judgment or decree of a
> court of record in this state.
>
> **(2) Within five years. -**
>     **(a)** An action on a judgment or decree of any court,
>     not of record, of this state or any court of the United
>     States, any other state or territory in the United States,
>     or a foreign country.

The applicability, in cases such as this, of §95.11(1) versus §95.11(2)(a) is a question the Florida Supreme Court has yet to address. We acknowledged that state-of-the-caselaw three years ago when presented with the same question in Leasco; accordingly, we then certified the issue to the Florida Supreme Court. See Leasco, 99 F.3d at 383 (certifying the following question: What is the appropriate statute of limitations for an action brought in a federal district court in Florida involving a judgment entered by that same court?). Before the Florida Supreme Court could answer the question, however, the Leasco litigants settled their dispute. Thus, we are now presented with the identical question a second time. Rather than again certify the question, we have elected to decide the issue in the manner in which we respectfully believe the Florida Supreme Court would act. Cf. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

- 4 -

**III.**

Our analysis of the scant cases from the lower Florida courts leads us to the conclusion that the Florida Supreme Court would apply here the five-year limitations period of §95.11(2)(a), not the twenty-year limitations period of §95.11(1). Although the lower Florida courts have had rare occasion to visit the issue, we note that the issue was fully addressed by the Florida Court of Appeals in Kiesel v. Graham, 388 So.2d 594 (Fla. Dist. Ct. App. 1980). In adopting §95.11(2)(a) as

controlling, the Kiesel court reasoned as follows:

> Both [§§95.11(1) and 95.11(2)(a)] appear to govern the instant situation, for the subject judgment is that "of a court of record in this state" as well as that "of any court of the United States." This apparent conflict, however, can be readily resolved by resort to well-accepted principles of statutory construction.
>
> It is a general rule of statutory construction that a more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms. In this situation, the phrase "of any court of the United States" is more specific than "of a court of record in this state." The former clearly limits its scope to courts of the United States, while the latter could include both federal and state courts, as long as they are in Florida. Hence, it must be concluded that [§]95.11(2)(a) will operate as an exception to, or a qualification of, the more general terms of [§]95.11(1). Adams v. Culver, 111 So.2d 665 (Fla. 1959); Woodley Lane, Inc. v. Nolen, 147 So.2d 569 [(Fla. Dist. Ct. App. 1962)]; State ex rel. Johnson v. Vizzini, 227 So.2d 205 (Fla. 1969).
>
> This result is further supported by the corollary principle that the last expression of legislative will is the law, and, therefore, that the last in point of time or order of arrangement prevails. This rule is applicable where the conflicting provisions appear in different statutes[,] Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962)[], or in different provisions of the same statute. State v. Hialeah, 109 So.2d 368 (Fla. 1959); DeConingh v. Daytona Beach,

> 103 So.2d 233 [(Fla. Dist. Ct. App. 1958)]. In this situation, two provisions in the same [statute], the former covering "courts of record in this state" and the latter covering "judgments of any court of the United States," are in direct conflict. Application of the principle set forth in []Hialeah, supra, and DeConingh[], supra, dictates that the latter provision, now enumerated in [§]95.11(2)(a), must govern.

Id. at 595-96 (brackets added and deleted; footnote and italics deleted). We find Kiesel well-reasoned, and adopt its holding with respect to the unique facts presented here, i.e., an attempt to enforce a district court judgment, entered in the Southern District of Florida, in the same district court. We therefore hold that, under such circumstances, the five-year limitations period set forth in Fla. Stat. Ann. §95.11(2)(a) controls. In view of the fact that BBB's post-judgment collection efforts - which exceeded the five-year period - are thus barred by §95.11(2)(a) as untimely, we find, after a de novo review of the record, that the district court erred in denying Bush's motion for a Protective Order. Accord In re Kilby, 196 B.R. 627, 629-30 (M.D. Fla. 1996).

**IV.**

The district court's post-judgment Discovery Order is therefore **REVERSED.**