[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-12185

_____

D. C. Docket No. 00-07629-CV-KMM

DONALD R. BUSE,

Plaintiff-Appellant,

versus

ROBERT J. KUECHENBERG,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 27, 2003)**

Before CARNES, MARCUS and SUHRHEINRICH*, Circuit Judges.

_____

*Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit,
sitting by designation.

CARNES, Circuit Judge:

On June 18, 1993, Donald R. Buse obtained a default judgment against Robert J. Kuechenberg in federal district court in Indiana. More than seven years later, on October 31, 2000, Buse registered that judgment in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1963. A month after registering the judgment with the district court, Buse procured a writ of execution from it. In response, Kuechenberg filed a motion to dismiss or quash the writ of execution claiming that it was time barred. The district court agreed, based on its interpretation of Florida law, and granted the motion. Contending that the district court misinterpreted Florida law, Buse brings this appeal.

We are bound by Federal Rule of Civil Procedure 69 to follow state law. Under that rule, "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a). Once Buse registered his judgment in federal district court in Florida, any efforts to execute on that judgment had to be in accordance with "the practice and procedure" of Florida. The law of Florida provides that: "An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a

2

foreign country" must be brought within five years. Fla. Stat. § 95.11(2)(a).

Since Buse registered his judgment and obtained a writ of execution for it more than seven years after he had obtained the judgment, his action is time-barred if section 95.11(2)(a) applies. Whether it applies is the disputed question of state law upon which this case turns. Concluding that section 95.11(2)(a) does apply, the district court granted Kuechenberg's motion to dismiss or quash the writ of execution. Of course, Buse disagrees. He takes the position that section 95.11(2)(a) does not apply because he was not pursuing "an action on a judgment."

Whether Buse's collection efforts amounted to an "an action on a judgment" under Florida law is not clear. Against Buse's position is the decision of the First District Court of Appeal in Kiesel v. Graham, 388 So. 2d 594, 596 (Fla. 1st DCA 1980). The appellant in that case had obtained a judgment in federal court and attempted to use a writ of mandamus from the state courts to collect on the judgment more than five years later. Id. at 595. The Florida appellate court concluded that section 95.11(2)(a) applied, and as a result the five-year statute of limitations barred the appellant's collection efforts. Id. at 596.

Because we follow state intermediate appellate court decisions on state law when there are no state supreme court decisions on point, McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002), this Court followed the First District Court of

Appeal's <u>Kiesel</u> holding in <u>Balfour Beatty Bahamas, Ltd. v. Bush</u>, 170 F.3d 1048, 1051 (11th Cir. 1999). In that case, as in the <u>Kiesel</u> case and this case, a party attempted in a federal district court in Florida to collect on a federal judgment that was more than five years old. <u>Id.</u> at 1049. Relying upon <u>Kiesel</u>, we concluded that the "post-judgment collection efforts–which exceeded the five-year period–[were] barred by § 95.11(2)(a) as untimely." <u>Id.</u> at 1051. The <u>Kiesel</u> position, which we followed in <u>Balfour Beatty Bahamas</u>, is that collection efforts are "action[s] on a judgment" within the meaning of section 95.11(2)(a).

If the <u>Kiesel</u> and <u>Balfour Beatty Bahamas</u> decisions were the only decisions on this issue, the correct disposition of this appeal would be clear, but the view has been clouded by a decision of another state intermediate appellate court reaching the opposite conclusion. In <u>Burshan v. National Union Fire Insurance Co.</u>, 805 So. 2d 835 (Fla. 4th DCA 2001), the Fourth District Court of Appeal said that "[s]ince the nineteenth century, the phrase 'action on a judgment' in the statute [§ 95.11(2)(a)] has had a precise meaning as a common law cause of action," and explained that an action on a judgment provides the opportunity for a new judgment that will ultimately allow satisfaction on the original one. <u>Id.</u> at 840-41. For that reason, the Court concluded that a collection mechanism, such as the writ of mandamus in <u>Kiesel</u>, is not an "action on a judgment," meaning that the statute

4

of limitations contained in section 95.11(2)(a) does not apply. Id. at 843-44.

The Burshan Court acknowledged that its decision conflicted with both this Court's decision in Balfour Beatty Bahamas and the First District Court of Appeal's decision in Kiesel, and it certified the conflict between its decision and the Kiesel decision to the Florida Supreme Court, id., giving the final arbiter of Florida law an opportunity to resolve the split in the intermediate appellate courts, see Fla. R. App. P. 9.030(a)(2)(A)(vi). If that opportunity had come to fruition, we would not be struggling with the issue but instead would have simply followed whatever the Florida Supreme Court decided in that case. Unfortunately for us, however, the difference of opinion between the two intermediate appellate courts has not been resolved by the Florida Supreme Court and will not be in the Burshan case. The appeal was voluntarily dismissed by the parties, Burshan v. Nat'l Union Fire Ins. Co., No. 01-1829 (Fla. Dec. 20, 2002), apparently because of settlement. The conflict remains, and we are not the ones to resolve it.[1]

Accordingly, we certify to the Florida Supreme Court the following question:

---

[1] It could be argued–we cannot tell for sure whether Kuechenberg does–that under the prior precedent rule we must follow our decision in Balfour Beatty Bahamas. We are not required to do so if an intervening Florida decision indicates that our earlier appraisal of that state's law is wrong. See Roboserve, Ltd. v. Tom's Foods, Inc., 940 F.2d 1441, 1451 (11th Cir. 1991). Only the Florida Supreme Court can authoritatively decide whether it is.

5

> Does the statute of limitations contained in Fla. Stat. § 95.11(2)(a) apply to bar the registration of a judgment and issuance of a writ of execution more than five years after the judgment was initially entered?

Our phrasing of the question is not intended to restrict the scope of inquiry by the Florida Supreme Court, which is, of course, free to phrase or rephrase the issues as it deems appropriate. If our brothers and sisters on that Court exercise their discretion to accept this certification, we will appreciate and follow any guidance they provide us.

The entire record in this case, along with the parties' briefs submitted to this Court, is to be transmitted herewith.

QUESTION CERTIFIED.