[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10552

_____

D.C. Docket No. 1:03-cv-22046-KMW

JUAN A. SALINAS,
LUCILA FUENTES,

Plaintiffs-Appellants,

versus

SUE ANN RAMSEY,
HILDA RAMSEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2017)

Before WILLIAM PRYOR and MARTIN, Circuit Judges, and DUFFEY,[*] District
Judge.

MARTIN, Circuit Judge:

--------

[*] Honorable William S. Duffey, Jr., United States District Judge for the Northern District
of Georgia, sitting by designation.

A federal jury found Sue Ann Ramsey violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., by not paying Juan Salinas and Lucila Fuentes time and a half for overtime work. On the day of the verdict, September 23, 2004, the District Court entered a money judgment against Ms. Ramsey in favor of Mr. Salinas and Ms. Fuentes. The clerk of the court then issued two writs of execution on the judgments, the first on November 24, 2004, and the second on April 6, 2005. Then nothing happened in the case for over ten years.

On May 15, 2015, Mr. Salinas and Ms. Fuentes came back to the federal court where they got the judgment, and filed a motion to compel post-judgment discovery, which the District Court denied as untimely. In doing so, the court relied on Balfour Beatty Bahamas, Ltd. v. Bush, 170 F.3d 1048 (11th Cir. 1999). This Court held in Balfour that a request for post-judgment discovery made almost seven years after the judgment was entered was barred by the five-year limitations period established in Fla. Stat. § 95.11(2)(a). Id. at 1049, 1051. The facts here are nearly identical to those in Balfour.

In seeking a different outcome than the judgment holder got in Balfour, Mr. Salinas and Ms. Fuentes tell us that since this Court decided Balfour, a Florida intermediate appellate court has affirmatively stated that Balfour was wrongly

2

decided.[1]  See Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 805 So. 2d

835 (Fla. 4th DCA 2001).  And Mr. Salinas and Ms. Fuentes are not the first to

make our Court aware of the Florida court's criticism of Balfour.  Indeed even

before Burshan was decided, this Court sought the aid of the Florida Supreme

Court in deciding which Florida statute set the statute of limitations in this

circumstance.  First, in Leasco Response, Inc. v. Wright, 99 F.3d 381 (11th Cir.

1996) (per curiam), a panel of this Court asked the Florida Supreme Court (by way

of certified question) which Florida statute set the limitations period for an action

to enforce a judgment brought in the federal district court located in Florida, where

the judgment originated.  Id. at 383.  However, the parties in Leasco settled their

dispute before the Florida Supreme Court could answer the question we certified.

See Balfour, 170 F.3d at 1050.

Then in Buse v. Kuechenberg, 325 F.3d 1249 (11th Cir. 2003), vacated, 337

F.3d 1250 (11th Cir. 2003), a panel of this Court acknowledged the conflict

between our Court's decision in Balfour and the Florida District Court of Appeal's

discussion of why our Balfour decision was wrong.  Id. at 1251–52.  Again, we

certified a question to the Florida Supreme Court, seeking guidance about how to

properly enforce statutes of limitations set by Florida law.  See id. at 1252.  But

---

[1] Our Court rule requires us to follow prior panel precedent, but there is an exception for when a state appellate court tells us we interpreted its state law incorrectly.  EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am., 845 F.3d 1099, 1105 (11th Cir. 2017).

this time too, the parties in <u>Buse</u> settled and their appeal was dismissed before the Florida Supreme Court could answer our question.  337 F.3d at 1250–51.  Now the appeal brought by Mr. Salinas and Ms. Fuentes gives us yet another chance to seek guidance from the Florida Supreme Court on this subject.

Of course the lower Florida courts are routinely called upon to apply the various statutes of limitations set by Florida law.  For example, in <u>Kiesel v. Graham</u>, 388 So. 2d 594 (Fla. 1st DCA 1980), the holders of a judgment obtained in federal court came to Florida state court seeking a writ of mandamus to aid in collection of their judgment that was more than five years old.  <u>Id.</u> at 595.  The <u>Kiesel</u> court was presented with the question of which limitations period from Fla. Stat. § 95.11 applied.  <u>Id.</u>  As relevant here, § 95.11 says:

> Actions other than for recovery of real property shall be commenced as follows:
>
> (1) Within twenty years.—An action on a judgment or decree of a court of record in this state.
>
> (2) Within five years.—
>
> (a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.

Fla. Stat. §§ 95.11(1)–(2)(a).  The <u>Kiesel</u> court concluded the five-year statute of limitations governed.  388 So. 2d at 596.  In <u>Balfour</u>, our Court "adopt[ed]" the holding from <u>Kiesel</u>.  <u>See</u> <u>Balfour</u>, 170 F.3d at 1051.

4

After this Court signed onto the rationale of Kiesel, another Florida District Court of Appeal (the Fourth) set out why we were both wrong. Burshan, 805 So. 2d at 843–44. It said that neither limitations period in § 95.11 applied. Id. at 843. Rather, the Burshan court reasoned that the limitations periods established by § 95.11 apply to an "action on a judgment." Id. at 840. The court opined that under common law, "action on a judgment" referred to a new action filed by a judgment creditor, which would restart the limitations clock on his judgment without having to relitigate the merits of the original cause of action. Id. at 840–41. The Burshan court relied on the Florida Supreme Court's ruling in Young v. McKenzie, 46 So. 2d 184 (Fla. 1950), which held that § 95.11 did not apply to certain post-judgment discovery proceedings because those proceedings were meant to help the holder of an existing judgment execute that judgment, and not "to bring new life to the judgment itself." Id. at 185; see also Burshan 805 So. 2d at 842–43. Burshan and Kiesel show that, even among Florida courts, there are differing views about which limitations period applies in which cases.

"When substantial doubt exists about the answer to a material state law question," a federal court should "avoid making unnecessary state law guesses and [] offer the state court the opportunity to explicate state law." Forgione v. Dennis Pirtle Agency, Inc., 93 F.3d 758, 761 (11th Cir. 1996) (per curiam). The conflict between our precedent and the Florida appellate court's decision in Burshan

5

creates "substantial doubt" about the meaning of §§ 95.11(1) and 2(a).  See id.  In order to resolve it, we certify the following question to the Florida Supreme Court:

> What limitations period, if any, applies to a request for post-judgment discovery brought in federal district court in Florida on a judgment entered by that same federal district court?

We appreciate the assistance of the Florida Supreme Court with this question.  Neither our presentation of the issue, nor the phrasing of our question are intended to restrict the Florida Supreme Court's analysis of this or any other issue it chooses to address.  See City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1309 (11th Cir. 1999); Edmonds v. Bronner, 864 F.2d 752, 753–54 (11th Cir. 1989).  While we hope the Florida Supreme Court will answer our question, we also recognize that it has no obligation to do so.  That said, "we would greatly prefer to hear from the state's highest court on this unsettled and important area of state law."  Butler v. The Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1266 (11th Cir. 2001).

**QUESTION CERTIFIED.**