# Supreme Court of Florida

_____

No. SC17-823
_____

**JUAN A. SALINAS, et al.,**
Appellants,

vs.

**SUE ANN RAMSEY, et al.,**
Appellees.

[January 25, 2018]

LAWSON, J.

This case is before the Court for review of a question of Florida law certified by the United States Court of Appeals for the Eleventh Circuit that is determinative of a cause pending in that court and for which there appears to be no controlling precedent. Specifically, the Eleventh Circuit has asked us to answer the following question:

> WHAT LIMITATIONS PERIOD, IF ANY, APPLIES TO A
> REQUEST FOR POST-JUDGMENT DISCOVERY BROUGHT IN
> FEDERAL DISTRICT COURT IN FLORIDA ON A JUDGMENT
> ENTERED BY THAT SAME FEDERAL DISTRICT COURT?

Salinas v. Ramsey, 858 F.3d 1360, 1362 (11th Cir. 2017). We have jurisdiction, see art. V, § 3(b)(6), Fla. Const., and rephrase the certified question as follows:

WHAT IS THE DEADLINE UNDER FLORIDA LAW FOR COMPLETING POST-JUDGMENT DISCOVERY FOR THE PURPOSE OF COLLECTING A FEDERAL MONEY JUDGMENT ISSUED BY A FEDERAL COURT IN FLORIDA?

As we explain more fully below, such discovery is permitted for a period of twenty years from the date the judgment was entered.

On September 23, 2004, the United States District Court for the Southern District of Florida entered a judgment awarding Juan A. Salinas and Lucila Fuentes (the judgment creditors) money damages against Sue Ann Ramsey (the judgment debtor). The procedure on execution or in aid of this federal judgment is governed by the rules of Florida. See Fed. R. Civ. P. 69(a)(1). In accordance with this procedure, on May 15, 2015, the judgment creditors filed a motion in the federal district court requesting an order compelling the judgment debtor to complete a fact information sheet under Florida Rules of Civil Procedure 1.560 and 1.977. The federal district court denied the motion under the authority of Balfour Beatty Bahamas, Ltd. v. Bush, 170 F.3d 1048, 1051 (11th Cir. 1999), which holds that post-judgment discovery aimed at collecting a money judgment issued by a federal court in Florida is governed by the five-year limitations period provided in section 95.11(2)(a), Florida Statutes.

The judgment creditors appealed the district court's decision to the Eleventh Circuit. The Eleventh Circuit recognized the applicability of Balfour but observed that Florida's Fourth District Court of Appeal called Balfour into question in

Burshan v. National Union Fire Insurance Co., 805 So. 2d 835 (Fla. 4th DCA 2001). Salinas, 858 F.3d at 1361. Having developed substantial doubt about the correctness of its decision in Balfour, the Eleventh Circuit sought our assistance. Id. at 1361-62. For the reasons that follow, we agree with the Fourth District's holding in Burshan that collection activity on a federal judgment is not governed by section 95.11(2)(a), but instead is permitted for the twenty-year life of the judgment.[1] See 805 So. 2d at 843-44.

The judgment debtor urges us to conclude, as did the Balfour court, that post-judgment discovery in aid of enforcing a federal judgment constitutes an "action on a judgment" and is, therefore, subject to the five-year limitations period applicable to bringing an action on a federal judgment. See § 95.11(2)(a), Fla. Stat. (2014). However, we explained long ago that such discovery does not constitute an "action upon a judgment" under the statute of limitations, as the term was then phrased. Young v. McKenzie, 46 So. 2d 184, 185 (Fla. 1950). The phrase "action on a judgment" in the current statute is equivalent. As the Fourth District observed in Burshan, "[s]ince the nineteenth century, the phrase 'action on

---

1. We, therefore, disagree with Balfour. Balfour relied on Kiesel v. Graham, 388 So. 2d 594 (Fla. 1st DCA 1980), which was criticized in Burshan, 805 So. 2d at 843-44. To the extent Kiesel is inconsistent with our holding in this case, we disapprove of Kiesel.

a judgment' in the statute has had a precise meaning as a common law cause of action." 805 So. 2d at 840. An "action on a judgment" is an action independent of the original action in which the judgment was obtained, the main purpose of which is "to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action."[2] Burshan, 805 So. 2d at 841 (quoting Adams v. Adams, 691 So. 2d 10, 11 (Fla. 4th DCA 1997)). An action on a judgment provides an opportunity, when the limitations period has almost run on the judgment, to obtain a new judgment that will "start the limitations period anew." Burshan, 805 So. 2d at 841 (quoting 47 Am. Jur. 2d Judgments § 945 (1995)); accord Desert Palace, Inc. v. Wiley, 145 So. 3d 946, 947 (Fla. 1st DCA 2014); Corzo Trucking Corp. v. West, 61 So. 3d 1285, 1288-89 (Fla. 4th DCA 2011); Petersen v. Whitson, 14 So. 3d 300, 301-02 (Fla. 2d DCA 2009); Marsh v. Patchett, 788 So. 2d 353, 355 (Fla. 3d DCA 2001).

Although many decades have passed since we decided Young, no amendment of section 95.11 has provided any reason for us to reconsider our

---

2. See, e.g., Crane v. Nuta, 26 So. 2d 670 (Fla. 1946) (action by an assignee of a judgment to obtain a new judgment in the amount of the original); Workingmens Co-op. Bank v. Wallace, 9 So. 2d 731 (Fla. 1942) (action by the judgment creditor of a Massachusetts judgment to enforce the judgment in Florida even though the underlying cause of action might not have been valid in Florida); Van Deren v. Lory, 100 So. 794 (Fla. 1924) (action to enforce an Indiana judgment in Florida); Whiteside v. Dinkins, 97 So. 517 (Fla. 1923) (action by the devisee of a judgment to obtain a judgment for the same amount).

determination that post-judgment discovery does not constitute an "action []on a judgment." See Fla. Dep't of Children & Families v. F.L., 880 So. 2d 602, 609 (Fla. 2004) ("The Legislature is presumed to know the judicial constructions of a law when amending that law, and the Legislature is presumed to have adopted prior judicial constructions of a law unless a contrary intention is expressed.") (citing City of Hollywood v. Lombardi, 770 So. 2d 1196, 1202 (Fla. 2000)). The judgment debtor attempts to find such a reason in the Legislature's 1974 enactment of section 95.011, which contains a statement of chapter 95's applicability and an explanation of the term "action" as used in the chapter. Ch. 74-382, § 1, Laws of Fla. Section 95.011, Florida Statutes (2014), explains that the term "action" refers to "[a] civil action or proceeding." Contrary to the judgment debtor's assertion, this explanation does not express any intention to change the meaning of "action []on a judgment" as we understood it in Young.

Not only is post-judgment discovery in aid of execution or enforcement not an action on a judgment; it is not an "action" at all within the meaning of section 95.011. We reach this conclusion by examining the language of section 95.011 and applying the principle that "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, . . . the statute must be given its plain and obvious meaning," Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984) (quoting A.R. Douglass, Inc. v. McRainey, 137 So. 157, 159 (Fla. 1931)),

which "can be ascertained by reference to a dictionary," <u>Bennett v. St. Vincent's</u> <u>Med. Ctr., Inc.</u>, 71 So. 3d 828, 839 (Fla. 2011) (quoting <u>Orlando Reg'l Healthcare</u> <u>Sys. v. Fla. Birth-Related Neurological</u>, 997 So. 2d 426, 431 (Fla. 5th DCA 2008)).

A "civil action" is "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation." "<u>Civil Action</u>," <u>Black's Law</u> <u>Dictionary</u> (10th ed. 2014). <u>Black's Law Dictionary</u> defines "action" simply as "[a] civil or criminal judicial proceeding" and offers the following explanation:

> An action has been defined to be an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. . . . More accurately, it is defined to be any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree. The action is said to terminate at judgment.

<u>Action</u>, <u>Black's Law Dictionary</u> (10th ed. 2014) (quoting 1 Morris M. Estee, <u>Estee's Pleadings, Practice, and Forms</u> § 3, at 1 (Carter P. Pomeroy ed., 3d ed. 1885)). Another explanatory quotation provided in <u>Black's Law Dictionary</u> in reference to "action" states that when the judicial system recognized a "more marked distinction" between "action" and "suit," an "action" ended when the judgment was rendered, and a "suit" included the execution. <u>Id.</u> (quoting Edwin E. Bryant, <u>The Law of Pleading Under the Codes of Civil Procedure</u> 3 (2d ed. 1899)). These definitions and explanations establish that a "civil action" is a

process that is intended to result in a judgment or decree and, after the merging of "action" and "suit," may include execution as part of the original "action." In fact, this Court's precedent confirms that execution has long been considered a continuation of the action in which the judgment was obtained and is "a remedy, not an action." Massey v. Pineapple Orange Co., 100 So. 170, 171 (Fla. 1924).

The definitions for "proceeding," the other expression of "action" under section 95.011, are broader:

> 1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. 2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing. 5. Bankruptcy. A particular dispute or matter arising within a pending case—as opposed to the case as a whole.

Proceeding, Black's Law Dictionary (10th ed. 2014). An explanatory quotation states that "proceeding" is a "more comprehensive" word than "action" and may cover a number of concepts, including but not limited to "all ancillary or provisional steps, such as . . . garnishment," "the execution," "proceedings supplementary to execution," or "the enforcement of the judgment." Id. (quoting Edwin E. Bryant, The Law of Pleading Under the Codes of Civil Procedure 3–4 (2d ed. 1899)). In Raymond James Financial Services, Inc. v. Phillips, 126 So. 3d 186 (Fla. 2013), when determining whether arbitration is an "action" under section 95.11, this Court found that the most relevant definition of "proceeding" is "[a]ny

procedural means for seeking redress from a tribunal or agency." Id. at 190 (quoting Black's Law Dictionary 1324 (9th ed. 2009)). "[R]edress" is "[r]elief" or a "remedy," such as money damages. Redress, Black's Law Dictionary (10th ed. 2014).

While "proceeding" can include any step in the process of obtaining redress, even a single hearing, this understanding of "proceeding" does not fit the context in which the word "proceeding" is used in section 95.011. Section 95.011 explains that a civil action or proceeding must be "begun within the time prescribed" in chapter 95. If "proceeding" in this context meant any step of a lawsuit, as the judgment debtor seems to suggest, then the statute would require any lawsuit to both begin and end within the limitations period, as the final hearing or trial would be barred if it occurred after the end of the limitations period, even if the action began many years earlier. The Legislature, however, did not say that any civil action must "begin and end" within the limitations period or that any discrete proceeding within a lawsuit must occur within the limitations period. The Legislature chose the word "begun," signifying that its concern was with the initiation of a new and independent procedural means for obtaining a judgment or seeking redress.

Post-judgment discovery in aid of execution or enforcement of a judgment is not a new and independent procedural means for obtaining a judgment or seeking

redress. Rather, the judgment has been issued and redress in the form of money damages has been ordered. Discovery is part of the collection effort, which occurs after the issuance of the judgment as part of the final process for the case. See Fla. R. Civ. P. 1.560(a), 1.570(a) (describing execution and garnishment as the "[f]inal process to enforce a judgment . . . for the payment of money"). Therefore, post-judgment discovery is not an "action," and section 95.11 does not establish when it must begin.

Because post-judgment discovery is part of the final process of an action, Florida law is not concerned with when it begins, but does dictate when it must be completed. Post-judgment discovery is appropriate as long as the judgment is enforceable. See Young, 46 So. 2d at 185. Florida judgments have a twenty-year "life" during which they are enforceable. See id. at 185-86; Norwich Union Indem. Co. v. Willis, 168 So. 418, 420 (Fla. 1936); § 55.081, Fla. Stat. (2004) (providing that a lien imposed under a judgment lasts no longer than twenty years). Likewise, a federal judgment issued by a court in Florida has a twenty-year life. See 28 U.S.C. § 1962 (2012) (providing that a federal judgment operates as a lien on property located in the state where the judgment was issued "in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and . . . cease[s] to be a lien in the same manner and time"); B.A. Lott, Inc. v. Padgett, 14 So. 2d 667, 669 (Fla. 1943)

(acknowledging that a federal judgment lien was effective for twenty years from the date the judgment was rendered).[3]  Accordingly, all post-judgment discovery efforts aimed at collecting such a judgment must occur—and may be compelled— within twenty years of entry of the judgment.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, and CANADY, JJ., concur.
LEWIS and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Certified Question of Law from the United States Court of Appeals for the Eleventh Circuit – Case No. 16-10552

J.H. Zidell, Rivkah F. Jaff, Neil Tobak, and Joshua H. Sheskin of J.H. Zidell, P.A., Miami Beach, Florida,

for Appellant

Lara O'Donnell Grillo of Mark, Migdal & Hayden, Miami, Florida,

for Appellee

---

3. We recognize that our reasoning in <u>Young</u> could lead one to conclude that federal judgments issued by courts sitting in Florida are enforceable for only five years.  <u>See</u> 46 So. 2d at 185-86.  But, we have stated otherwise, <u>Padgett</u>, 14 So. 2d at 669, and any other holding would conflict with 28 U.S.C. § 1962 (2012).