[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10552

_____

D.C. Docket No. 1:03-cv-22046-KMW

JUAN A. SALINAS,
LUCILA FUENTES,

Plaintiffs-Appellants,

versus

SUE ANN RAMSEY,
HILDA RAMSEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 5, 2018)

Before WILLIAM PRYOR and MARTIN, Circuit Judges, and DUFFEY,[*] District
Judge.

MARTIN, Circuit Judge:

_____

[*] Honorable William S. Duffey, Jr., United States District Judge for the Northern District
of Georgia, sitting by designation.

Last year our panel heard the appeal of Juan Salinas and Lucila Fuentes, who sought and were denied post-judgment discovery by the District Court in relation to a 10-year-old judgment they got in that court. See Salinas v. Ramsey, 858 F.3d 1360, 1360 (11th Cir. 2017). The District Court denied the discovery motion as untimely, holding that post-judgment discovery was barred by the 5-year limitations period established in Fla. Stat. § 95.11(2)(a).[1] Id. In so holding, the District Court relied on this Court's decision in Balfour Beatty Bahamas, Ltd. v. Bush, 170 F.3d 1048 (11th Cir. 1999), which in turn relied on decisions from Florida's intermediate courts of appeal, particularly Kiesel v. Graham, 388 So. 2d 594 (Fla. 1st DCA 1980). See Salinas, 858 F.3d at 1360; Balfour, 170 F.3d at 1050–51.

Since Balfour issued, however, developments in the Florida courts caused us to have "substantial doubt" about whether Fla. Stat. § 95.11(2)(a) is the appropriate limitations period to be applied to post-judgment discovery. See Salinas, 858 F.3d at 1361–62 (discussing inconsistent decisions from Florida's intermediate courts of appeal). For that reason we certified to the Florida Supreme Court the question of which limitations period applies. See id. at 1362. That Court has kindly assisted us and told us the following: Under Florida law, post-judgment discovery for the

---

[1] "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

2

purpose of collecting a federal money judgment issued by a federal court in Florida "is permitted for a period of twenty years from the date the judgment was entered." See Salinas v. Ramsey, No. SC17-823, 2018 WL 549183, at *1 (Fla. Jan. 25, 2018). The Florida Supreme Court also explained that "post-judgment discovery is not an 'action,' and section 95.11 does not establish when it must begin." Id. at *3. That being the case, post-judgment discovery "is appropriate as long as the judgment is enforceable," which under Florida law is for twenty years. Id.

With the benefit of the guidance from Florida's highest court, we now know that Mr. Salinas and Ms. Fuentes's motion to compel post-judgment discovery was timely.[2] See 28 U.S.C. § 1962 (requiring federal court judgments to be treated like judgments awarded in courts of the state where the federal court is located). We remand to the District Court for proceedings consistent with this ruling.

**REVERSED AND REMANDED.**

---

[2] Because the Florida Supreme Court's decision undermines our interpretation of Florida law in Balfour, it is no longer binding in this Circuit. See EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am., 845 F.3d 1099, 1105 (11th Cir. 2017).