See also: 30 F.3d 1350.

**Amy Lytton VIRGO, Plaintiff–Appellant,**

v.

**RIVIERA BEACH ASSOCIATES LTD., doing business as Sheraton Ocean Inn, a partnership; L.H. Hardaway, Jr.; Imperial Associates, Incorporated; Sterling Group, Inc.; Hugh Jones; Main Street Properties, Inc., Defendants–Appellees.**

No. 99–5175.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2001.

Before KENNEDY, SILER and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Plaintiff, Amy L. Virgo, appeals from an order of the Honorable Aleta A. Trauger, United States District Court for the Middle District of Tennessee, dismissing her Rule 69(a) action for supplementary proceeding in aid of collecting a judgment against Defendants, Sterling Group, Inc., L.H. Hardaway, Jr., Main Street Properties, Inc., Riviera Beach Associates and Imperial Associates, Inc. For the following reasons, we AFFIRM the district court's order.

## BACKGROUND

This action arises from Plaintiff's attempts to collect an eight-year-old judgment entered against Defendants[1] in the United States District Court for the Southern District of Florida after a jury awarded Plaintiff damages which with interest and costs resulted in entry of a judgment in excess of one million dollars on her claims of *quid pro quo* sexual harassment in violation of Title VII and state law. Defendants appealed the verdict to the United States Court of Appeals for the Eleventh Circuit, which affirmed the judgment. *Virgo v. Riviera Beach Assoc., Ltd.,* 30 F.3d 1350 (11th Cir.1994).

The pertinent facts underlying Plaintiff's Florida lawsuit are outlined in the Eleventh Circuit decision.

In 1985, L.H. Hardaway, Jr. and Imperial Associates, Inc. became limited partners in Riviera Beach Associates, Inc. ("Riviera Beach"), a partnership specifically formed to own the Sheraton Ocean Inn located on the east coast of Florida, north of Miami. Riviera Beach contracted with Sterling Group, Inc. to manage the hotel. Hugh Jones and Jerry Markert, the president and vicepresident of Sterling Group respectively, were the two individuals primarily involved in managing the hotel.

In June 1986, Plaintiff Amy Virgo began working as a sales representative at the Sheraton Ocean Inn where she quickly moved up the corporate ladder. Markert promoted Virgo to assistant sales manager in July 1986, assistant general manager on August 13, 1986, and to acting general manager on August 30, 1986. In September 1986,

---

**1.** Originally the complaint in the Florida lawsuit named Hugh Jones as a defendant as well, but he was dismissed after Plaintiff failed to serve him with the complaint within 120 days as required by Federal Rule of Civil Procedure 4(j).

Jones advanced Virgo to the position of general manager.

Over the course of Virgo's employment at the Inn, she was sexually harassed by Jones. The evidence and testimony introduced at trial described a pattern of conduct in which Jones touched her sexually without her permission, and also told her she would have to engage in sexual intercourse with him or else he would write disparaging reviews concerning her job performance. Virgo succumbed to the pressure and subsequently engaged in sexual intercourse with Jones on four different occasions. Eventually, in March 1987, Virgo voluntarily resigned on account of Jones' sexual harassment. On May 7, 1987, Virgo filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Rights. The EEOC issued Virgo a Notice of Right to Sue on January 10, 1990.

*Virgo,* 30 F.3d at 1353–54.

Despite the jury verdict and the court's decision affirming that verdict, Plaintiff has been unsuccessful in collecting her judgment. After unsuccessful attempts to attach Defendants' assets through the courts in Florida, Plaintiff registered the Florida judgment in United States District Court for the Middle District of Tennessee and filed the instant action pursuant to Federal Rule of Civil Procedure 69(a) requesting supplementary proceedings in aid of collecting the judgment. In her pleadings, Plaintiff claimed that Defendants, and specifically L.H. Hardaway, Jr., were shifting assets and creating corporations in order to avoid paying her judgment.

The district court denied Plaintiff's request for supplemental proceedings, stating,

[t]o the extent that [Plaintiff's] motion seeks to pierce the corporate veil of any entity and collect this judgment against any party who is not a named defendant in the Florida action, it is **DENIED**. Such relief would have to be sought by filing a new lawsuit, initiated by the filing of a Complaint in the appropriate forum. To the extent that the plaintiff seeks to compel discovery that has already been ordered by Judge Moreno in the Southern District of Florida, she should pursue that relief in that court.

*Virgo v. Riviera Beach Assoc., Ltd.,* Civil No. 3:98–MC–075, slip op. at 2 (M.D.Tenn. Jan. 19, 1999) (emphasis in original).

This appeal followed.

## DISCUSSION

### I.

Although the district court's factual findings are reviewed for clear error, we review the district court's legal interpretation of the Federal Rules of Civil Procedure *de novo. Cf. Beck v. Prupis,* 162 F.3d 1090, 1100 (11th Cir.1998); *Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 469 (2d Cir.1998); *United States v. Lopez,* 4 F.3d 1455, 1458 (9th Cir.1993).

### II.

The Supreme Court has stated that a federal court has "inherent power to enforce its judgment." *Peacock v. Thomas,* 516 U.S. 349, 356, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). As the Court stated,

[w]ithout jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and

enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.

*Id.* (citations omitted). Supplementary proceedings are therefore essential to enforcing the judgments of the federal courts. *Riggs v. Johnson County,* 6 Wall. 166, 73 U.S. 166, 187, 18 L.Ed. 768 (1867).

■ Having properly registered her Florida judgment in the United States District Court for the Middle District of Tennessee, Plaintiff is entitled to have that judgment enforced in accordance with the laws of the state of Tennessee. 28 U.S.C. § 1963; *FDIC v. British–American Corp.,* 726 F.Supp. 622, 630 (E.D.N.C.1989). In this regard, Plaintiff's Florida judgment is treated as if it was actually rendered by the Middle District of Tennessee. *Anderson v. Tucker,* 68 F.R.D. 461, 463 (D.Conn.1975). Accordingly, the district court had the authority to order and conduct supplementary proceedings in accordance with Tennessee law.

■ However, Plaintiff's request for supplementary proceedings in the instant case is not in accordance with Tennessee law. Although it is far from clear exactly what Plaintiff sought in the form of supplementary proceedings, a review of the record evokes two possible interpretations. One interpretation is that Plaintiff was requesting that the district court issue writs of garnishments to third parties for properties and assets in their possession belonging to Defendants. However, under Tennessee law, Plaintiff does not need intervention of the courts to issue a writ of garnishment. *See* Tenn.Code Ann. § 26-1-207. Another interpretation is that Plaintiff sought to have the district court issue writs of garnishments for the properties and assets of the third parties she claims to be alter egos of Defendant L.H. Hardaway, Jr. If such is the case, Tennessee law does not provide a mechanism whereby a judgment-creditor can garnish the property of someone other than the judgment-debtor absent a showing of liability of the third party. Plaintiff has failed to pursue any rights and remedies available to her under Tennessee law to establish the liability of third parties who she refers to as "alter egos" of L.H. Hardaway, Jr. for the debts of Defendants herein.

This is not to say that Plaintiff is not entitled to supplementary proceedings under the proper circumstances. Plaintiff is correct that Tennessee law allows the garnishment of property and assets belonging to a judgment-debtor that are in the possession of third parties. *See* Tenn.Code Ann. 26-2-202. It is equally true that Plaintiff may move the court to compel those third parties to testify as to the properties in their possessions or in others' possessions belonging to the judgment-debtor. *See* Tenn.Code Ann. §§ 26-2-203 to -209. However, the court will only require those third parties to testify under oath in relation to garnishment proceedings after they have been properly served with writs of garnishment. *See* Tenn.Code Ann. § 26-2-303(a). Moreover, Plaintiff must move the court within the proper time period. *See id.*

Supplemental proceedings may be available to Plaintiff under appropriate circumstances against the Defendants herein upon Plaintiff's submission of sworn affidavits and other sufficient documentation demonstrating that Defendants are concealing assets in response to her writs of garnishments and other collection efforts. Such supplemental proceedings, if they confirm Plaintiff's suspicions regarding the "alter ego" entities, may provide a basis for her to attempt to establish those entities' liability to her. However, because the record before us indicates that Plaintiff

has failed to follow the proper legal procedures, we cannot say that the district court erred in denying Plaintiff's motion for supplementary proceedings.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order.