[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13798

_____

KEITH STANSELL,
MARC GONSALVES,
THOMAS HOWES,
JUDITH JANIS,
as Personal Representative of the Estate of
Greer Janis,
MICHAEL JANIS, et al.,

Plaintiffs-Counter Defendants-Appellees,

*versus*

REVOLUTIONARY ARMED FORCES OF COLOMBIA,
COLES ADVENTURES, LLC, et al.,

Defendants,

SAMARK JOSE LÓPEZ BELLO,
YAKIMA TRADING CORPORATION,

Intervenors-Cross Defendants-Appellants,

EPBC HOLDINGS, LTD.,
1425 BRICKELL AVE 63-F LLC,
1425 BRICKELL AVE UNIT 46B LLC,
1425 BRICKELL AVE 64E LLC,
200G PSA HOLDINGS LLC, et al.,

Intervenors-Appellants,

CITIBANK N.A.

Cross Claimant-Counter Claimant,

SIX SIS LTD.

Cross Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-20896-RNS

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

JORDAN, Circuit Judge:

　　This appeal is yet another chapter in a decade-long attempt by a number of plaintiffs to satisfy a 2010 default judgment in the sum of $318 million against the Revolutionary Armed Forces of Colombia, colloquially referred to as the FARC, in a suit brought pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333. For those interested in the chronology, our previous decisions are *Stansell v. Revolutionary Armed Forces of Colombia*, 704 F.3d 910 (11th Cir. 2013); *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713 (11th Cir. 2014); *Stansell v. Revolutionary Armed Forces of Colombia*, 772 F. App'x 772 (11th Cir. 2019); *Stansell v. López Bello*, 802 F. App'x 445 (11th Cir. 2020); and *Stansell v. López Bello*, 45 F.4th 1340 (11th Cir. 2022).

　　Our most recent case in 2022 involved attempts by the plaintiffs to garnish blocked assets—bank accounts and property—owned by Samark José López Bello and certain companies he owned or controlled. We held that Mr. López and the companies were entitled to a jury trial under Fla. Stat. § 77.08 on whether they

were agents or instrumentalities of the FARC so as to allow garnishment of their blocked assets pursuant to § 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107297, codified as a note to 28 U.S.C. § 1610. *See Stansell*, 45 F.4th at 1356–60.

On remand, and before a jury trial could be held, the district court entered default judgment against Mr. López and the companies for disobeying its orders and for failing to comply with their discovery obligations. They now seek review of the default judgment and two rulings by the district court on discovery motions.

Following review of the record, and with the benefit of oral argument, we affirm. Mr. López willfully disobeyed the district court's order by failing to appear for his scheduled deposition on Zoom, and he and his companies willfully failed to comply with their discovery obligations. Given its findings that Mr. López and the companies acted willfully, and that they did not intend to comply with its discovery orders, the district court did not abuse its discretion in entering default judgments against them as a sanction.[1]

## I

A comprehensive procedural and factual background is set out in our previous opinions. We recount here only what is necessary to resolve this appeal.

---

[1] In the rest of the opinion we sometimes refer to Mr. López and the companies as the López appellants. As to any issues not discussed, we summarily affirm.

## A

In 2010, four individuals—Keith Stansell, Marc Gonsalves, Thomas Howes, and Judith G. Janis (as personal representative of the estate of Thomas Janis)—sued the FARC and other related parties under the ATA, 18 U.S.C. § 2333. The FARC failed to appear after service and the district court entered default judgment against it in the amount of $318 million. *See Stansell*, 771 F.3d at 722–23.

Pursuant to § 201(a) of the TRIA, the assets of a third party who is an agency or instrumentality of a terrorist entity are subject to execution or attachment. A party who seeks to execute a judgment against a third party under the TRIA must establish that the third party "is actually an agency or instrumentality" of the terrorist party. *See id.* at 723.

Unable to execute the judgment against the FARC, the plaintiffs sought to satisfy the judgment in part by attaching the assets belonging to Mr. López and a number of companies he owns or controls—Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F, LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, and 200G PSA Holdings LLC. *See Stansell*, 45 F.4th at 1346–48. In 2019, in accordance with § 201(a) of the TRIA, the plaintiffs filed an *ex parte* motion in the district court for writs of garnishment and execution against assets owned or controlled by the López appellants. To show that the López appellants were agencies or instrumentalities of the FARC, the plaintiffs relied on 2017 findings made by the Office of Foreign Assets Control, which

concluded that Mr. López had provided material assistance, financial aid, or goods and services in support of the drug-trafficking activities of Tareck Zaidan El Aissami Maddah. The plaintiffs submitted evidence and sworn statements to show that Mr. López could be tied to the FARC through his connections with Mr. El Aissami.

The district court concluded, among other things, that the plaintiffs had established that the López appellants were agencies and instrumentalities of the FARC. The López appellants appealed that decision, arguing that they were entitled to a jury trial on the issue of whether they were in fact agencies or instrumentalities of the FARC. We agreed with the López appellants and held that they had established "issues of material fact [that] necessitated a jury trial" on the issue. *See Stansell*, 45 F.4th at 1358. Accordingly, we reversed and remanded for a jury trial. *See id.*[2]

**B**

On remand, the district court issued a scheduling order. The order scheduled the jury trial for November 21, 2022, and also set the date by which trial exhibits, expert motions, and deposition designations were to be submitted.

---

[2] We noted that the fugitive disentitlement doctrine might have some bearing on the case due to Mr. López's failure to turn himself in on federal criminal charges pending in New York, but decided not to consider it because neither party had raised it before the district court or on appeal. *See Stansell*, 45 F.4th at 1348.

The plaintiffs subsequently moved for entry of final judgment based on the fugitive disentitlement doctrine. Separately, the plaintiffs issued a notice setting Mr. López's deposition for October 12, 2022. The plaintiffs also propounded several document requests to the López appellants.

In an email sent on October 6, 2022, counsel for Mr. López informed the plaintiffs that Mr. López would not be appearing for his scheduled deposition. Several days later, the López appellants filed a motion for a protective order, arguing that the plaintiffs were improperly seeking discovery. In their motion, the López appellants sought "to preclude the [p]laintiffs from conducting any discovery in this matter, including but not limited to, [Mr.] López's deposition." D.E. 516 at 3. According to the López appellants, the district court's scheduling order did not permit any fact or expert discovery. *See id.* at 3–4.

The district court denied the López appellants' motion for a protective order on October 12, 2022. First, it determined that the López appellants had failed to show that good cause necessitated entry of a protective order. The scheduling order, the court explained, contemplated discovery. In addition, the plaintiffs were entitled to discovery by applicable law. Second, the court ruled alternatively that the application of the fugitive disentitlement doctrine barred the López appellants from seeking any form of affirmative relief and constituted an independent basis to deny the motion for a protective order. The court, however, permitted Mr. López—despite his fugitive status—to appear remotely for his deposition,

which was to take place within seven days from its order. Finally, the court warned against noncompliance. Specifically, the court told the López appellants that failure to comply with their discovery obligations would "result in sanctions, up to and including the . . . entry of final judgment." D.E. 523 at 5.

Following the district court's order, the plaintiffs issued a second notice for Mr. López to appear for a virtual deposition on October 17, 2022, at 9:00 A.M. They also renewed their written discovery requests to the companies owned or controlled by Mr. López.

On October 14, 2022, the López appellants filed a second motion for a protective order—this time as an emergency motion—asking the district court to postpone Mr. López's deposition by two days. They asserted that the plaintiffs were not entitled to the documents they requested through their *duces tecum* request to Mr. López for his deposition. First, they argued that the *duces tecum* request improperly circumvented the time limitations set forth in Federal Rule of Civil Procedure 34. Second, they asserted that the *duces tecum* request was not proportional to the needs of the case. For example, there was no need, in the view of the López appellants, for asset discovery. But the López appellants represented that "[Mr.] López intends to provide responses to all written discovery within the time prescribed by [Rule] 34."[3]

---

[3] The emergency motion said nothing about the requests for production propounded to the companies owned or controlled by Mr. López.

The district court denied the emergency motion for a protective order the same day it was filed. *See* D.E. 527. The court first explained that there was no good cause to change the date of the deposition. The fact that Mr. López preferred a different day for the deposition was insufficient, as was the fact that one of the attorneys for the López appellants was travelling on the day of the deposition. *See id.* at 1. In addition, the court noted that Mr. López was "barred from seeking affirmative relief" pursuant to the fugitive disentitlement doctrine. *See id.* at 1–2. With respect to the *duces tecum* requests, the court declined to grant Mr. López relief due to the fugitive disentitlement doctrine but observed that Rule 30(b)(2) allows a notice of deposition to be accompanied by a Rule 34 request for production of documents. *See id.* at 2 ("If the [p]laintiffs have issues with the [López appellants'] responses to specific discovery requests, the [p]laintiffs may raises those issues with the [c]ourt by motion at the appropriate time."). Finally, the court closed by again warning the López appellants that their failure to "respond to appropriate discovery requests **will** result in sanctions, up to an including the striking of [their] pleadings and entry of final judgment against [them]" under Rule 37(b)(2)(C). *See id.* at 5 (emphasis in original).

That very same day, on October 14, 2022, the López appellants filed a notice of appeal seeking review of the district court's denial of both motions for a protective order. Months later, we dismissed that appeal for lack of jurisdiction. *See Stansell v. López Bello*, No. 22-13454 (11th Cir. Feb. 17, 2023).

On October 16, 2022, counsel for the López appellants informed the plaintiffs via email that Mr. López would not be appearing at the scheduled Zoom deposition due to the then-pending appeal. Consistent with that email, Mr. López did not appear for his deposition on October 17, 2022.

Neither Mr. López nor the López appellants ever complied with the district court's order to respond to the plaintiffs' discovery requests. As far as we can tell from the record, the plaintiffs did not receive any of the documents they requested from the López appellants.

## C

The district court thereafter considered and denied the plaintiffs' motion for entry of final judgment based on the fugitive disentitlement doctrine. *See* D.E. 536. The court opined that applying the doctrine to completely preclude the López appellants from defending the plaintiffs' garnishment action would be inappropriate under Eleventh Circuit precedent. *See id.* at 4.

But the district court concluded that the entry of default judgment was an appropriate sanction against Mr. López under Rule 37 because he disobeyed its orders and failed to appear for his deposition. The court specifically found that the pending appeal from the denial of the motions for a protective order did not relieve Mr. López of his obligation to appear. *See id.* at 5. It also found that the López appellants' "ongoing gamesmanship and disregard of the [c]ourt's orders demonstrate[d] that the violation here [was] willful and . . . deserving of sanctions." *Id.* The court explained

that it lacked the ability to compel Mr. López to comply with its orders given his fugitive status, and determined that "less severe sanctions" would not suffice. The court could "think of no other sanction that would adequately punish and deter this conduct." *Id.* Based on these findings, the court entered default judgment against Mr. López.

In the same order, the district court instructed the other defendants—the companies which were controlled or owned by Mr. López—to show cause as to why default judgment should not be entered against them based on Mr. López's failure to appear at his deposition and failure to comply with its orders. In response, the companies asserted that entry of default judgment against them would be inappropriate because the filing of the notice of appeal deprived the court of jurisdiction. Finding their explanation inadequate and unpersuasive, the court entered default judgment against the companies as well. *See* D.E. 547. The court explained that the companies were owned or controlled by Mr. López. The pending appeal, moreover, did not allow Mr. López to disobey its order to appear for his deposition. *See id.* at 1–3.

The López appellants now seek review of the default judgment and the denials of their motions for a protective order.

## II

We review the imposition of sanctions for abuse of discretion. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). The same deferential standard applies to our re-

view of the denial of a motion for a protective order and the application of the fugitive disentitlement doctrine. *See Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001); *F.D.I.C. v. Pharaon*, 178 F.3d 1159, 1162 (11th Cir. 1999). A district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous. *See Chi. Trib. Co.*, 263 F.3d at 1309.

### III

The López appellants advance four main arguments. First, they contend that their October 2022 notice of appeal, which sought review of the denial of their motions for a protective order, deprived the district court of jurisdiction to do anything further while the appeal was pending. Second, they argue that the entry of default judgment was an extreme sanction which constituted an abuse of discretion. Third, they assert that the district court erroneously relied on the fugitive disentitlement doctrine in denying their motions for a protective order. Fourth, they maintain that the statements by the district court that it would not grant any affirmative relief while Mr. López remained a fugitive amounted to an impermissible injunction and an unconstitutional prior restraint on his rights. We address these arguments below.[4]

---

[4] The López appellants also argue that the fugitive disentitlement doctrine should not prevent consideration of their appeal. We affirm on the merits and have no reason to consider the application of the fugitive disentitlement doctrine.

## A

The López appellants contend that their notice of appeal deprived the district court of jurisdiction to enter the default judgments. They are mistaken.

The district court's orders denying the motions for protective orders were not final because they did not end "the litigation on the merits." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Indeed, there was much left to be done, including a jury trial—the precise reason we remanded in the earlier appeal. *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that an order adjudicating fewer than all of the claims in a suit, or adjudicating the rights and liabilities of fewer than all of the parties, is not a final judgment from which an appeal may be taken).

The orders were also not immediately appealable under the collateral order doctrine. An order is considered collateral if it "(1) conclusively determines an important issue that is both (2) completely separate from the merits of the case and (3) effectively unreviewable on appeal from a final judgment." *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1367 (11th Cir. 2016). The López appellants have failed to convincingly explain how the orders satisfy this standard. They claim that the application of the fugitive disentitlement doctrine would have been unreviewable on appeal from a final judgment because the "district court ordered [Mr.] López and his counsel not to file any motions seeking relief." Appellants' Br. at 6. But the district court never made such a ruling.

It stated that it would not grant Mr. López any affirmative relief while he remained a fugitive.

Moreover, in assessing the "third condition of the collateral order doctrine, which asks whether a right or claim can be vindicated adequately on appeal following final judgment," the focus is not on the specific case under consideration but rather on the "entire category to which a claim belongs." *Smile Direct Club, LLC v. Bottle*, 4 F.4th 1274, 1282 (11th Cir. 2021) (en banc) (citation omitted). Absent unique matters like the denial of anonymity for a party, *see In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1245–46 (11th Cir. 2020), orders denying motions for a protective order do not satisfy the collateral order standard. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981) ("[W]e have generally denied review of pretrial discovery orders."); *Drummond Co. v. Collingsworth*, 816 F.3d 1319, 1325 (11th Cir. 2016) ("Discovery orders generally do not present 'important questions' warranting collateral order review.").

In sum, there was no final or immediately appealable order. The filing of the notice of appeal in October 2022 therefore did not deprive the district court of jurisdiction. As we have explained: "[F]iling a notice of appeal from a nonappealable order should not divest the district court of jurisdiction[,] and . . . the reasoning of the cases that so hold is sound. . . . [A] contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the

22-13798               Opinion of the Court                    15

judicial process." *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979).

**B**

The López appellants argue that the district court abused its discretion in entering default judgment as a sanction under Rule 37. We disagree.

Under Rule 37, a district court has a number of options when a party "fails to obey an order to provide . . . discovery." These options include orders

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey.

Fed. R. Civ. P. 37(b)(2)(A).

A court may also issue sanctions against a party who, after being served with proper notice, fails to appear for a deposition. *See* Fed. R. Civ. P. 37(d)(1)(A)(i).  Such sanctions may include the entry of default judgment against the offending party.  *See id.*

Default judgment pursuant to Rule 37 "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  Because of its severe consequences, "a default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Id.*

As a general matter, "the imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court and will not be overturned absent abuse of that discretion." *Props. Int'l, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983).  A district court necessarily abuses "its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1022 (11th Cir. 1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).  Where there is no such error, "[t]he question, of course, is not whether [we] would . . . have [imposed the sanction in question]; it is whether the [d]istrict [c]ourt abused its discretion in so doing." *NHL v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Here there are no errors of law or clearly erroneous findings of fact.  As background, the arguments the López appellants made

in support of their first motion for a protective order were unfounded.  For example, the post-remand scheduling order contemplated that all parties were entitled to fact and expert witness discovery, as it provided a deadline for the filing of *Daubert* motions, *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and a procedure for designating deposition excerpts.  *See* D.E. 512 at 1–2.  Indeed, the general rule is that "post-judgment discovery [governed by Florida law] is appropriate as long as the judgment is enforceable."  *Salinas v. Ramsey*, 881 F.3d 876, 876 (11th Cir. 2018).  Yet the López appellants moved for a protective order arguing that the scheduling order did not permit any fact or expert discovery.

In any event, even if the López appellants were reasonably mistaken about the scheduling order, the district court cleared up any confusion when it denied the first motion for a protective order.  The court noted that the scheduling order contemplated both fact and expert discovery and explained that the plaintiffs were "entitled to seek discovery in aid of execution of a judgment under Florida and federal law."  D.E. 523 at 2.  The court, moreover, warned the López appellants that failure to comply with their discovery obligations would "result in sanctions, up to and including the . . . entry of final judgment."  D.E. 523 at 5.  The court also made it easier for Mr. López to comply with his discovery obligations by permitting him to appear virtually for his deposition even though he remained a fugitive.  *See id.*

Despite this warning and the accommodation of Mr. López, the López appellants filed a second motion for a protective order

seeking to put off Mr. López's deposition for two days and to avoid complying with many of the plaintiffs' discovery requests. The court denied the second motion the same day it was filed and instructed Mr. López to appear at the Zoom deposition on October 17, 2022, as scheduled. The court again warned the López appellants that their failure to comply with its orders and their discovery obligations would result in sanctions, including the entry of final judgment. *See* D.E. 527 at 2. The López appellants, however, ignored the court's warnings. Mr. López did not appear at his scheduled deposition, and the López appellants failed to comply with the plaintiffs' document requests.

Given Mr. López's failure to comply with its order to appear for his deposition, the district court determined that sanctions pursuant to Rule 37 were appropriate against him and against the companies he owned or controlled. Of the options available, the court chose the entry of default judgment after finding that the disobedience of its orders was willful and that it could not fashion a less severe sanction to ensure compliance due to Mr. López's fugitive status. *See* D.E. 536 at 5. Referencing its previous orders, the court noted that it had warned the López appellants that the failure to comply with its orders and their discovery obligations would result in sanctions.

On this record, we find no abuse of discretion. *See generally United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach."). We have

previously upheld the entry of default judgment as a sanction for the failure to comply with discovery obligations and for disobedience to a district court's orders. For example, in *Turner*, we affirmed the entry of default judgment under Rule 37(b) where the sanctioned party repeatedly failed to comply with discovery obligations, including failing to provide witnesses at depositions and submitting incomplete and improper responses to interrogatories. *See Turner*, 706 F.2d at 310. And *Turner* is not an outlier. *See Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1323 (11th Cir. 2023) (upholding the dismissal of claims as sanctions where the plaintiff "violat[ed] the district court's clear orders and derail[ed] multiple depositions"); *Malautea*, 987 F.2d at 1542–44 (affirming the entry of a default judgment against the defendants in a vehicle rollover case because they willfully violated three district court orders to provide discoverable information to the plaintiff); *Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538, 1539 (11th Cir. 1984) (affirming the dismissal of a complaint under Rule 37(d) due to a party's "flagrant disregard and willful disobedience of the court's discovery orders") (citations and internal quotation marks omitted).

As the López appellants see it, the entry of default judgment was an unjustifiably harsh consequence of Mr. López's failure to appear at a single deposition. *See* Appellants' Br. at 9, 16, 50. We need not address whether or not a single unexcused failure to appear at a court-ordered deposition in a run-of-the mill civil case warrants entry of default judgment under Rule 37. What makes this case unique is that Mr. López was a fugitive. And because of

his fugitive status, the district court lacked the practical ability to compel him to obey its orders.

The Second Circuit's decision in *S.E.C. v. Razmilovic*, 738 F.3d 14 (2d Cir. 2013), is instructive given its procedural and factual similarities. In that case, the district court entered default judgment against a civil defendant who was a fugitive from criminal charges in the United States and who had refused to comply with an order to appear for his in-person deposition at the offices of the S.E.C. in New York City.

Like Mr. López, the defendant in *Razmilovic* failed to show up for his first scheduled deposition. The district court denied his motion to permit him to appear for the deposition by teleconference, ordered him to appear in person for his rescheduled deposition, and warned him that failure to appear might result in Rule 37 sanctions, including the entry of default judgment. *See id.* at 20–21. When the defendant again did not appear for his deposition, the S.E.C. moved for default judgment against him. The district court granted the motion, explaining that the defendant had no valid excuse for failing to appear for the deposition, that his disobedience of its order was willful and intentional, that he had been warned that sanctions could be imposed if he did not appear, and that a lesser sanction (like allowing the deposition to take place in Sweden) would not work. *See id.* at 21–22.

The Second Circuit upheld the district court's entry of default judgment against the defendant under Rule 37. Acknowledging that a default judgment is an extreme sanction, it noted that

there was no challenge to the finding of willfulness, and provided this explanation for its holding: "Although [the defendant] disobeyed only that single court order, his adamance in the face of the court's warning of possible sanctions that included the extreme sanction of default clearly supported an inference that renewed orders to appear would be unavailing and that no lesser sanction would be effective to induce [him] to appear in New York [City] for his deposition.  The court was not required to relieve him of that obligation." *Id.* at 27.

Mr. López, unlike the defendant in *Razmilovic*, was allowed to appear virtually for his deposition.  Yet he still disobeyed the district court's order and failed to appear.  On the record before us, we find *Razmilovic* persuasive.

As the López appellants concede, default judgment is appropriate where a less severe sanction would not ensure compliance.  *See* Appellants' Br. at 50.  The district court's determination on this score was not an abuse of discretion, as the López appellants tried to obstruct and delay the jury trial they demanded and obtained.  Mr. López and his companies, in other words, demonstrated through their conduct that a less drastic sanction would not ensure compliance.  A fugitive's "absence entitles him to no advantage.  If his unwillingness to appear in person results in non-compliance with a legitimate order of the court respecting pleading, discovery, the presentation of evidence, or other matters, he will be exposed to the same sanctions as any other uncooperative party." *Degen v. United States*, 517 U.S. 820, 827 (1996).

## C

The López appellants assert that the denial of their motions for a protective order constituted reversible error because (i) the district court interpreted its own scheduling order inaccurately; (ii) they showed good cause for a protective order; and (iii) the court improperly applied the fugitive disentitlement doctrine. We are unpersuaded.

Pursuant to Federal Rule of Civil Procedure 26(c) a court may "issue a protective order upon a finding of good cause." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d at 1249. The party seeking such an order bears the burden of establishing that good cause exists. *See id.* at 1250. Good cause usually requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *See United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); 8A Richard L. Marcus. Fed. Prac. & Proc. § 2035 (3d ed. & June 2024 update).

The López appellants argued in their first motion for a protective order that no discovery whatsoever was permitted because the scheduling order did not expressly allow discovery and because the parties had not conducted a Rule 26(f) scheduling conference. The district court, interpreting and explaining its own scheduling order, confirmed that discovery was contemplated, and that the plaintiffs were entitled to discovery. The court also explained that discovery was appropriate whether or not a Rule 26(f) scheduling

22-13798              Opinion of the Court                  23

conference had occurred because "once proceedings supplementary have begun, the parties are entitled to discovery." D.E. 523 at 2. *See Salinas*, 881 F.3d at 876.

We find no abuse of discretion in the denial of the first motion for a protective order. First, a district court is afforded wide discretion in interpreting its own orders, and "when an issuing judge interprets alleged ambiguities in his or her own order, we accord substantial deference to that interpretation." *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1241 (11th Cir. 2021). Such deference is appropriate here. The court understandably explained that it would not have provided a deadline for deposition designations if it did not intend to allow for discovery. Second, although a party generally may not seek discovery before a scheduling conference, discovery is permitted where a court orders it. *See* Fed. R. Civ. P. 26(d)(1). The court's ruling that the López appellants had failed to establish good cause in support of their first motion for a protective order was therefore not erroneous.

In their second motion for a protective order, the López appellants asked to postpone Mr. López's deposition by two days and objected to the *duces tecum* request for documents. But they provided no persuasive reason as to why this requested delay was needed. Given that Mr. López was to appear virtually, his own travel or other logistical concerns could not have been the reasons. And, as the district court explained, the fact that one of his attorneys might have been traveling did not prevent another of the attorneys on the defense team from defending the deposition.

Mr. López also challenged some of the plaintiffs' *duces tecum* requests in the second motion for a protective order. For example, he argued that the plaintiffs were not entitled to asset discovery. The district court rejected his challenges because of the fugitive disentitlement doctrine, and the López appellants contend that this constituted reversible error.

Under Rule 34(b)(2)(C), "if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions." Fed. R. Civ. P. 34, Advisory Committee's Note to 1993 Amendment. *See also McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[E]ven if some of the law firm's requests for production were irrelevant, Quarles must have a valid objection to each one in order to escape the production requirement."); Jay E. Granig & Jeffrey S. Kinsler, Handbook of Fed. Civ. Discovery and Disclosure § 9:3 (4th ed. & July 2024 update) ("If a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions."). The problem for Mr. López is that, despite his representation to the district court that he would respond to requests for production within the time prescribed by Rule 34, he never provided the plaintiffs with a single document. And his complete failure to respond to or comply with the plaintiffs' *duces tecum* request makes it difficult for us to see how the denial of the second motion for a protective order improperly affected the court's finding of willfulness or the entry of default judgment.

## D

The López appellants maintain that the district court orders denying their motions for a protective order acted as an injunction against them and violated Mr. López's constitutional right of access to the court.  As noted earlier, the court stated in its orders that the fugitive disentitlement doctrine barred Mr. López from seeking affirmative relief with respect to the discovery sought by the plaintiffs, but there was no blanket prohibition on the filing of motions.

We need not address this argument with respect to the denial of the first motion for a protective order.  As set out above, the district court denied that motion for lack of good cause, and only ruled alternatively that the fugitive disentitlement doctrine also barred Mr. López from seeking affirmative relief.  Having upheld the court's finding that the López appellants failed to establish good cause in their first motion for a protective order, there is no reason for us to consider whether the court's alternative rationale constituted an impermissible injunction.

As to the denial of the second motion for a protective order, we come to the same conclusion with one caveat which we discuss below.  In denying the second motion, the district court again found that the López appellants had failed to show good cause for postponing Mr. López's deposition by two days, and only ruled alternatively that the fugitive disentitlement doctrine also barred Mr. López from seeking affirmative relief.  Because we have upheld the court's finding that the López appellants failed to establish good cause in their second motion for a protective order, we need not

address whether the court's alternative rationale amounted to an impermissible injunction.

The caveat concerns Mr. López's objection to the plaintiffs' *duces tecum* request for documents. As to that objection, the district court rejected the challenge based only on the fugitive disentitlement doctrine. But the denial of the objection did not adversely affect Mr. López or the López appellants. Although Mr. López never produced any documents, he and the López appellants were sanctioned only for his failure to appear at the court-ordered deposition. Any error in denying the objection—if there were one—was harmless. *See* 28 U.S.C. § 211; Fed. R. Civ. P. 61. *See also Palmer v. Hoffman*, 318 U.S. 109, 116 (1943) ("He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.").

In any event, it seems to us that nothing prevented Mr. López from filing formal objections to the plaintiffs' *duces tecum* request, which would have required the plaintiffs to move to compel and forced the district court to rule on the objections. But Mr. López did not file any formal objections and also failed to produce any documents to the plaintiffs. Due to this complete failure to comply with his discovery obligations, we conclude that the district court's application of the fugitive disentitlement doctrine to the *duces tecum* objections do not taint the finding of willfulness on the part of Mr. López or the entry of default judgment against him and the companies.

## IV

We affirm the district court's entry of default judgments against the López appellants as a sanction under Rule 37.

**AFFIRMED.**